[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
This is a motion to strike four special defenses to a complaint. Briefly, the parents of decedent Jason Corello as co-administrators of his estate, ("plaintiff"), brought an action against the defendants, doctors Alden Whitney and Wendelyn Witt and Norwalk Hospital sounding in medical malpractice. The special defenses, however, only apply to Dr. Whitney and Norwalk Hospital, (collectively "defendant"), as Dr. Whitney was the doctor who prescribed the medication which resulted in Jason Corello's self inflicted drug overdose. By way of contrast, Dr. Witt was simply the physician who treated Jason Corello in the emergency room on the day of his death. Moreover, Jason Corello allegedly had a history psychiatric problems of which the defendant was aware or should have been aware as a result of prior treatment. On the day of his death Jason Corello was prescribed 75 tablets of Desipramine (25 mg.) by Dr. Whitney as CT Page 11780 part of the Norwalk Hospital Addiction Rehabilitation Program, ("NHARP"), an outpatient program. Jason Corello allegedly died later that day in the Norwalk Hospital emergency room of a Desipramine overdose. The plaintiff alleges that the defendant should have never prescribed 75 tablets of Desipramine (25 mg.) to Jason Corello as an outpatient given, inter alia, Corello's history of psychiatric problems which included depression.
First Special Defense
The first special defense provides that "[t]he death of the plaintiffs' decedent was proximately caused by his own deliberate acts and negligence in not following instructions as to the dosage of the medication prescribed for him; in voluntarily ingesting pills in excess of those prescribed; in abusing various substances; in failing to follow proper medical instructions; and in failing to exercise reasonable care for his own safety." The first special defense is valid because "[p]roximate cause is ordinarily a question of fact." (Internal quotation marks omitted.) Tetro v. Stratford, 189 Conn. 601, 605, 458 A.2d 5
(1983). Whether Jason Corello's overdose was foreseeable must, therefore, be decided at trial. Moreover, this court has already held that contributory negligence is a valid special defense in a medical malpractice action. See Poulin v. Yasner, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 141928 (February 26, 1997, Lewis, J.) (denying a motion to strike a special defense of contributory negligence in a medical malpractice action). Furthermore, although the Supreme Court in a factually similar case entitled, Edwards v. Tardif,240 Conn. 610, 692 A.2d 1266 (1997), held that a jury could have reasonably reached the conclusion that the decedent's suicide was foreseeable and, therefore, not an intervening cause, the issue before this court is different as this case is in a pretrial stage and there has been no testimony heard as to the facts. As such, granting the plaintiff's motion to strike the first special defense would be premature. Accordingly, the plaintiffs motion to strike the first special defense is denied.
Second Special Defense
The second special defense provides in pertinent part that "the suicide of the plaintiffs' decedent was not reasonably foreseeable given the state of his treatment prior to [the] time of his death." Like the first special defense, an issue of fact remains to be decided at trial; whether Jason Corello' s overdose CT Page 11781 was foreseeable. Accordingly, the motion to strike the second special defense is denied.
Third Special Defense
The third special defense provides that "[t]he alleged negligence of the defendants, which is specifically denied, was not a substantial factor in producing the chain of events which lead to the death of the plaintiffs' decedent." Practice Book §10-52 provides in pertinent part that "[n]o special defense shall contain a denial of any allegation of the complaint or counterclaim unless that denial is material to such defense." The third special defense is a denial of the allegations of negligence in the complaint. Accordingly, the motion to strike the third special defense is granted.
Fourth Special Defense
The fourth special defense provides that "[t]he ingesting of pills in a quantity in excess of those prescribed by the plaintiffs' decedent occurred as a result of a deliberate act, or irresistible impulse on the part of the plaintiffs' decedent, which constituted an independent intervening cause which precludes any liability to the plaintiffs." This special defense is sustainable for the same reason as that set forth in the discussion on the first special defense. Whether the overdose and consequent death is an intervening cause that cuts off the defendant's liability is a question of fact that must be determined at trial. As such, a ruling granting the motion to strike the fourth special defense would be premature. Accordingly, the motion to strike the fourth special defense is denied.
The motion to strike the first, second and fourth special defense is denied. The motion to strike the third special defense is granted.
So Ordered.
D'Andrea, J.